Jesus Victor Rodriguez
10531 4s Commons Drive Ste 426
San Diego, California 92127
jvlegal37@gmail.com

FILED

'12 JAN 23 AM 9:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA



BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Victor Rodriguez, pro se | No. 11-CV-1837-LAB-MDD |
| Plaintiff, | **PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| vs | |
| CAVALRY PORTFOLIO SERVICES, L.L.C., | Date: February 6, 2012<br>Time: 11:30 a.m.<br>Crtrm: 9, Second Floor<br>The Honorable Larry A. Burns |
| Defendant | |

### PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff asks the court to deny Defendants' motion for summary judgment and states the following:

### INTRODUCTION

1. Plaintiff is Jesus Victor Rodriguez (hereinafter Rodriguez); defendant is CAVALRY PORTFOLIO SERVICES, L.L.C. (hereinafter CAVALRY)

2. On August 17, 2011 plaintiff sued defendant for violations of the Fair Credit Reporting Act (hereinafter FCRA).

3. On September 13, 2011 defendant filed an Original Answer.

Memorandum in Opposition to Summary Judgment       1

4. On December 9, 2011 defendant filed a motion for summary judgment on plaintiffs' cause of action for violations of the FCRA.

5. Summary Judgment is improper in this case because there are genuine issues of fact on each element of plaintiffs' cause of action for violations of the FCRA: no permissible purpose to obtain plaintiffs' credit report.

6. Defendant does not argue that they obtained the credit report of plaintiff.

## STATEMENT OF FACTS

7. In defendants' motion for summary judgment defendant states that on October 29, 2010, Cavalry SPV I, LLC bought a portfolio of unpaid, charged-off credit card "accounts" from non-party Wells Fargo Bank, including two "accounts" belonging to Rodriguez.

8. In defendants' motion for summary judgment defendant states that on November 1, 2010, Cavalry SPV I, LLC assigned Rodriguez's accounts to Cavalry for collection.

9. There is a declaration attached to the motion stating "to ensure that it has accurate addresses and telephone numbers for the debtors from whom it attempts to collect, Cavalry engages in "skip tracing," a process designed to obtain or confirm location information. One source that Cavalry uses in this process is Experian, a consumer credit reporting agency, which issues consumer credit reports."

10. There is a declaration attached to the motion stating "On **November 16, 2010**, **Cavalry ordered a copy of Rodriguez's consumer credit report from Experian**. Cavalry did so to confirm that it had the correct contact information for Rodriguez, which it needed to contact him regarding payments of the accounts, and a s part of it's analysis into Rodriguez's ability to repay the accounts."

11. There is a declaration attached to the motion stating "**After** acquiring Rodriguez's credit report from Experian, Cavalry attempted to contact Rodriguez by telephone, and sent him a number of letters seeking payment."

12. On **November 15, 2010 CAVALRY** mailed a letter in an attempt to collect a debt to Rodriguez, in contrast to the statement made by declarant Terry W. Rivera attached to the motion stating "**After** acquiring Rodriguez's credit report from Experian, Cavalry attempted to contact Rodriguez by telephone, and sent him a number of letters seeking payment." (Exhibit A). This letter was sent prior to the pulling of plaintiff's credit report.

13. On **November 23, 2010 CAVALRY** pulled Plaintiffs credit report from Transunion. Six days after the first credit pull from a different credit buruea.

14. There is a declaration attached to the motion stating that the "account" was purchased as part of a portfolio of unpaid, charged-off credit card accounts from non-party Wells Fargo Bank, including two accounts belonging to plaintiff Jesus Victor Rodriguez.

15. There is no documentation whatsoever annexed to the declaration or the pleading to evidence any contract or any other visible evidence of any alleged "account" with Jesus Victor Rodriguez.

16. There are no documents purporting to evidence a transfer of ownership of the alleged "account" to CAVALRY or any documentation showing the actual existence of any alleged "account" from non-party Wells Fargo Bank or any other entity alleged to be in the chain of ownership.

17. The declaration filed by the defendant refers to transactions involving transfer of ownership of the alleged "account" between several different entities where there is no verified evidence of such that has been made a part of the record or entered into evidence as exhibits.

18. There is no statement in the declaration as to what type of alleged "account" (ie. demand deposit, asset, credit, etc.) the defendants are referring to as being acquired by CAVALRY, which could give them any permissible purpose to pull the credit report of plaintiff <u>even if such "account" existed,</u> which has not been established, through evidence before the court.

19. There is no verified evidence in any form that has been entered into the court record showing any account numbers, amounts alleged due, date of origination of the alleged "account", current status, or dates and terms of transfer of ownership of the alleged "account".

20. Other than the statements of a paralegal for defendant in a declaration, there is no evidence in any form of any "account" of Jesus Victor Rodriguez existing that would allow any permissible purpose for the defendant to obtain the credit report of plaintiff under the FCRA.

21. At no time in the affidavit of Terry W. Rivera did he state the dates of his employment by Wells Fargo Bank or Cavalry SPV I, LLC to be able to testify to first hand information regarding information, books and records, or transfer of ownership of the alleged "account".

## STANDARD OF REVIEW

22. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); Celetox Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

23. A defendant who seeks summary judgment on a plaintiffs' cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiffs' claim or (2) showing there is no evidence to support an essential element of plaintiffs' claim. J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc. 76 F3d 1245, 1251 (1st Cir. 1996); see Celotex Corp., 477 U.S. at 322-23, 106 S. Ct. at 2552-53. Defendants cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. See Celotex Corp., 477 U.S. at 327, 106 S. Ct. at 2555. Only if defendants meet their burden is

plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

24. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F. 3d 1233, 1236-37 (10th Cir. 2002)

## ARGUMENT

25. For the defendants to successfully argue for summary judgment they must show that there are no material fact issues as to any element of the plaintiffs' cause of action where the only element is whether defendant had permissible purpose to obtain plaintiffs credit report.

26. The defendants must therefore prove, **through evidence before the court** rather than conclusory statements or speculation, that they had a permissible purpose to pull the plaintiffs credit report.

27. The only evidence offered by the defendants is the declaration of Terry W. Rivera, a paralegal of CAVALRY, which states nothing more than he is familiar with the alleged "account", some basic details, it's alleged chain of ownership, and the lawsuit filed by the plaintiff.

28. The declaration states there is an account acquired by Cavalry SPV I, LLC from CAVALRY, that allegedly originated with Wells Fargo Bank, but there is no documentation on the record whatsoever to show that had occurred.

29. There is not one document in the record submitted by defendants <u>as verified evidence</u> to show the existence of any alleged "account" indicating what type of account it is, who the alleged original creditor is, its origination date, any amounts that may be owed, any contract, or any other identifying information regarding the alleged "account".

30. The declaration does nothing more than refer to facts not in evidence and refers to events regarding chain of ownership of the alleged "account" where there is no verified evidence of said alleged facts or events before the court.

31. The statements in the declaration are nothing more than hearsay, are not supported by any verified documentation whatsoever and should not be considered by the court.

32. The statements in defendant's motion attempting to use the declaration with no other evidence to support it as a grounds for summary judgment. See Celotex Corp., 477 U.S. at 327, 106 S. Ct. at 2555.

## OBJECTIONS

33. The court should not consider the evidence submitted in support of defendant's motion because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the court. The court should strike the following summary judgment proof:

    (a) Declaration. Defendants rely on a defective declaration.
    - Defendant's state in their motion that they rely solely on a declaration provided by Terry W. Rivera for **"Summary Judgment Evidence"** where the declaration annexed to the motion is from Terry W. Rivera.
    - The declaration refers to facts not in evidence before the court.
    - The declaration has not been authenticated before the court and is hearsay.

## SUMMARY JUDGMENT EVIDENCE

34. In support of his response, plaintiff includes the following evidence in the attached appendix:

    (a) Affidavits. The affidavit of Jesus Victor Rodriguez establishes the fact that there is no evidence before the court that there is an "account" of

Jesus Victor Rodriguez in existence or that CAVALRY is the owner of the "account" and would have permissible purpose to obtain plaintiffs credit report.

## CONCLUSION

35. The defendants have not met their burden to show there are no material facts at issue for any element of the plaintiffs' complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Lunch props.*, 140 F. 3d at 625. The defendants have proffered nothing more than a generic declaration from an employee with statements that reference alleged facts and events where no evidence has been brought before the court to substantiate the alleged claims of owning an "account" which would give them permissible purpose to obtain plaintiffs credit report.

WHEREFORE, because defendants have failed to show there are no issues of material fact before the Court the plaintiff respectfully request the Court deny defendants motion for summary judgment, strike the defendants declaration and allow the plaintiffs claim to move forward to trial on the merits.

Respectfully Submitted,

~~Jesus~~ Victor Rodriguez
10531 4s Commons Drive Ste 426
San Diego, California 92127

PROOF OF SERVICE

I, the undersigned, declare:

    I am employed in the City and County of San Diego, California. I am over the age of eighteen years and not a party to this action. My business address is 10531 4s Commons Drive Ste 426 San Diego, California 92127.

    I am familiar with correspondence by mailing with the Untied States Postal Service and that said correspondence is deposited with the United States Postal Service that same day.

    On this date, I served a copy of the following document:

1) **PLAINTIFFS MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

By causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. Mail**

JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 301
San Francisco, CA 94104-4816
COUNSEL FOR CAVALRY PORTFOLIO SERVICES, L.L.C.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Diego, California on this 23rd day of January 2012.

*[signature]*
Clarissa Orbeta Rodriguez

# AFFIDAVIT

State of California §
County of San Diego §

I, Jesus Victor Rodriguez, am a man upon the land, a follower of Yahshua the Messiah in the laws of The Almighty Supreme Creator, YHVH first and foremost and the laws of man when they are not in conflict (Leviticus 18:3,4). Pursuant to Matthew 5:33-37 and James 5:12, let my yea be yea, and my nay be nay, as supported by Federal Public Law 97-280, 96 Stat. 1211. I am over the age of majority and have personal knowledge of the matters stated herein, and hereby asseverate understanding the liabilities presented in *Briscoe v LaHue* 460 US 325.

## FACTS

1) That Affiant/ Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that CAVALRY is the owner of any "account" of Jesus Victor Rodriguez as stated in the declaration of Terry W. Rivera.

2) That Affiant/ Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that CAVALRY acquired any "account" of Jesus Victor Rodriguez from Cavalry SPV I, LLC as stated in the declaration of Terry W. Rivera

3) That Affiant/ Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that Cavalry SPV I, LLC acquired any interest in an "account" of Jesus Victor Rodriguez from Wells Fargo Bank as stated in the declaration of Terry W. Rivera.

4) That Affiant/ Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any "account" of Jesus Victor Rodriguez that originated with Wells Fargo Bank where there is any balance due and owing that could be collected by CAVALRY.

5) That Affiant/ Plaintiff is not in receipt of anything, nor is there anything on the record made, that would show or prove that there is any permissible purpose for the defendants and or their counsel in Case No. 11-CV-1837-LAB-MDD in the United States District Court Southern District Of California, to obtain the credit report of Jesus Victor Rodriguez.

6) That Affiant/ Plaintiff at no time gave permission to CAVALRY to obtain his credit report.

7) I am not an expert in the law however I do know right from wrong.  If there is any human being damaged by any statements herein, if he will inform me by facts I will sincerely make every effort to amend my ways.  I hereby and herein reserve the right to amend and make amendment to this document as necessary in order that the truth may be ascertained and proceedings justly determined.  If the parties given notice by means of this document have information that would controvert and overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within thirty (30) days from receipt hereof providing me with your counter affidavit, proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this Affidavit Statement is substantially and materially false sufficiently to change materially my status and factual declarations.  Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact as a matter of law.  May the will of our Heavenly Father Yahvah, through the power and authority of the blood of his son Yahshua be done on Earth as it is in Heaven.

## Reserving ALL Natural God-Given Unalienable Birthrights, Waiving None, Ever,

### 28 USC § 1746(1)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed on this the 19th day of the first month in the year of our Lord and Savior two thousand twelve.

_____
Jesus Victor Rodriguez
10531 4s Commons Drive Ste 426.
San Diego, California [92127]

# JURAT

State of California    )
County of San Diego    ) SS.

Subscribed and ~~sworn to (or~~ affirmed) before me on this 19th day of January, 2012, by Jesus Victor Rodriguez, proved to me on the basis of satisfactory evidence to be the ~~person(s)~~ Man who appeared before me.

_K. Walsh_
Notary Public Signature

Notary Public Seal

K. WALSH
COMM. # 1800133
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
MY COMM. EXP. JUNE 2, 2012