# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VICTOR RODRIGUEZ,<br><br>  vs. Plaintiff,<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>  Defendant. | CASE NO. 11-CV-1837-LAB-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I. Background

Rodriguez alleges that Cavalry Portfolio Services accessed his credit report in violation of the Fair Credit Reporting Act. Cavalry, a debt collection agency, contends that it accessed Rodriguez's report in order to verify his contact information as well as to assess his ability to pay his debts, both of which are "permissible purposes" under the FCRA. Now before the Court is Cavalry's motion for summary judgment.

## II. Legal Standard

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the moving party, it is Cavalry's burden to show there is no factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet this burden, Cavalry must show that Rodriguez lacks evidence to support his case. *Id.* at 325. If it makes that showing,

///

Rodriguez must go beyond the pleadings and set forth "specific facts" to show a genuine issue for trial. *Id.* at 324.

The Court considers the record as a whole and draws all reasonable inferences in the light most favorable to Rodriguez. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The Court may not make credibility determinations or weigh conflicting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court determines whether the record "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. Not all alleged factual disputes will serve to forestall summary judgment; they must be both material and genuine. *Id.* at 247–49. "If conflicting inference may be drawn from the facts, the case must go to the jury." *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000) (citations omitted).

**III. Discussion**

Rodriguez alleges that Cavalry pulled his credit report for an improper purpose. He is wrong. A debt collector may access a consumer's credit report in the course of collecting a credit card debt from that consumer. *See, e.g., Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3rd Cir. 2011); *Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977 at *4 (D. Minn. Sept. 19, 2011) ("In this circumstance, defendant had reason to believe that pulling the consumer reports in question would aid it in its debt collection efforts...accordingly, defendant had a permissible purpose."); *Miller v. Wolpoff & Abramson, LLP*, 2007 WL 2694607 at *11 (N.D. Ill. Sept. 7, 2007). *See also* 15 U.S.C. § 1681b(a)(3)(A).

Rodriguez also brings up a new allegation in his opposition to Cavalry's motion for summary judgment: Cavalry did not provide proof that it actually purchased Rodriguez's unpaid debt when it attempted to collect from Rodriguez. However, Cavalry provided a declaration from an employee who had personal knowledge of the transaction. In any case, a plaintiff may not allege new claims in a pleading that were not in its initial complaint. *See, e.g., U.S. v. Elias,* 921 F. 2d 870, 874 (9th Cir. 1990); *Boyd v. Wood,*

/ / /

1998 WL 476537 at *1 (9th Cir. July 28, 1998); and *Hardin v. Wal-Mart stores, Inc.*, 2010 WL 4924772 at *1 (E.D. Cal. Nov. 29, 2010).

**IV. Conclusion**

The FCRA and caselaw are clear that a debt collection agency may access a credit report for debt collection purposes. There is no evidence and, thus, really no issue, that Cavalry accessed Rodriguez's report for an improper purpose. Cavalry's motion for summary judgment is therefore **GRANTED**.

**IT IS SO ORDERED**.

DATED: March 1, 2012

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge